MARY B. LYON ET AL., EXECUTRIX, ETC., RESPONDENT, *v.* HENRY J. BOTCHFORD, APPELLANT, IMPLEADED, ETC.

*Injunction order — must clearly specify all the acts which the defendant is restrained from doing.*

APPEAL by the defendant Botchford from two orders entered at the Onondaga Special Term, made respectively as of the twenty-fourth and twenty-seventh of August, adjudging the defendant guilty of a contempt of court for violating an injunction order issued in the action. The injunction order restrained the defendants until the further order of the court: 1st. From peeling more than 3,000 cords of bark in any one year on the lots in the Brantingham tract, " described in the complaint." 2d. From removing any hemlock bark from said premises until the same shall have been ranked *as usually done by tanners in* 1871, and measured, and the plaintiffs have an opportunity of ascertaining the quantity and also until such bark is paid for at fifty cents per cord. 3d. From doing any act or thing upon or about said premises *not permitted or allowed by the contract* mentioned in such complaint. The grounds on which the injunction order was granted, as stated therein, were, that "the defendants are peeling and removing hemlock bark from the trees on the premises aforesaid, and from the premises without measuring or paying for the same as required by the contract mentioned in plaintiff's complaint."

The court, at General Term, said : " The injunction order purported to impose upon the defendants the office and duty of ascertaining and determining at their peril, what was usually done by tanners in the year 1871, some nine years before it was issued, in regard to ranking and measuring bark, and moreover to ascertain at their peril the true construction and meaning of the contract set forth in the complaint in all its parts, because by the said injunction order they were prohibited 'from doing any act or thing upon or about said premises not permitted or allowed by the contract mentioned in the said complaint.'

It seems to us that the injunction order, at least in those two particulars, exceeded the office of an injunction, which should show upon

its face all those things which it is necessary for the defendant to know in order to obey it, and should plainly indicate to the defendant specifically all the acts which he is thereby restrained from doing without calling upon him for inferences, or any conclusions only to be arrived at by a more or less uncertain process of reasoning, and about which the parties might well differ in opinion either as to the facts or law. The act prohibited must be the doing of some tangible or distinct thing or series of things, to be clearly pointed out and described. An injunction should not in general terms compel a party to observe a certain contract, or to ascertain what custom existed among tanners as to ranking and measuring bark some nine years before it issued. The evidence taken by the referee in this case illustrates the entire uncertainty and vagueness of the provisions of the injunction order. An injunction should in itself contain sufficient to apprise the party what he is restrained from doing without resorting to the bill on file. (*Sullivan* v. *Judah*, 4 Paige, 444.) Its language should be so clear that an unlearned man can understand it without employing counsel. (*Laurie* v. *Laurie*, 9 Paige, 234; *Moat* v. *Holbein*, 2 Edw., 188.) It should be so expressed that defendants may distinctly understand what is prohibited. (*Clark* v. *Clark*, 25 Barb., 76.) This circumstance of the vagueness of the injunction and its irregularity on that account is to be taken into consideration in any proceedings to punish a defendant for the violation of its provisions, and the injunction should be dissolved on that account. (High on Inj., § 884; *Sullivan* v. *Judah*, 4 Paige, 444; *Moat* v. *Holbein*, 2 Edw., 188; *Field* v. *Hunt*, 22 How. Pr., 329.)

*George W. Smith*, for the appellant.

*C. D. Adams*, for the respondent.

Opinion by TALCOTT, J.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Orders appealed from reversed, with ten dollars costs of appeal in one case only and disbursements in both, and defendant's motion to dissolve the injunction order granted, with ten dollars costs.